**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DERRICK BUTLER,** ) | **CASE NO. 1:15 CV 95** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **JASON BUNTING, Warden,** ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Derrick Butler has filed the captioned Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. He seeks to challenge an October 2012 sentence, pursuant to a guilty plea, in the Richland County Court of Common Pleas. He pled guilty to one count of Conspiracy, two counts of Aiding and Abetting Aggravated Burglary, one count of Aiding and Abetting Aggravated Robbery, one count of Aiding and Abetting Kidnapping, one count of Obstructing Justice, and one count of Tampering with Evidence. The trial court sentenced him to an aggregate term of six years in prison. As grounds for his *habeas* Petition, he asserts the trial court failed to inform him of the consequences of violating post-release control and failed to make a determination on the issue of allied offenses prior to sentencing.

A federal court may entertain a *habeas* petition filed by a person in state custody on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254. A state prisoner, however, must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of *habeas corpus*. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).

It is evident on the face of the Petition that Petitioner has not fully exhausted his state remedies. The Petitioner did not file a direct appeal of his sentence. Although he pursued a post-judgment motion, the Ohio Court of Appeals held his allied offense claim barred because he did not file a direct appeal. Ohio Appellate Rule 5 still affords Petitioner an avenue to pursue a direct appeal. Accordingly, regardless of the potential merits of the Petitioner's claims, on which the Court expresses no opinion, his Petition is premature and subject to dismissal for failure to exhaust.

**Conclusion**

For the foregoing reasons, and pursuant to the Rule 4 of the Rules Governing Section 2254 Cases, this action is dismissed without prejudice for failure to exhaust state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: January 27, 2015